IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41380

| | | |
|---|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENTAL RIGHTS OF JOHN (2013-20) DOE. | ) ) ) | |
| JOHN DOE 1 and JANE DOE, | ) | 2014 Unpublished Opinion No. 804 |
| | ) | |
| Petitioners-Respondents, | ) | Filed: December 27, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JOHN (2013-20) DOE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Carolyn M. Minder, Magistrate.

Order terminating parental rights, affirmed.

Theresa A. Martin, Boise, for appellant.

Lois K. Fletcher of Fletcher & West, LLP, Boise, for respondents.

_____

MELANSON, Judge

John Doe appeals from the magistrate's order terminating parental rights to his child. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

Doe and mother are the unwed, biological parents of a minor child. On the day following the child's birth, mother consented to the petitioners (mother's aunt and uncle) being appointed co-guardians of the child. The child has lived with the petitioners since that time. In October 2012, the petitioners filed a petition for termination of Doe's parental rights.[1] The petition alleged that Doe failed to maintain a normal parental relationship and had neither provided

_____

[1] The petition also sought termination of mother's parental rights. However, this appeal solely involves Doe.

1

financial or emotional support nor had interaction with the child since the child's birth. At the time the petition was filed, the child was approximately fifteen months old, Doe was incarcerated, and mother was on a mental hold in Orofino. A trial on the petition was held in August 2013. Doe appeared in person and was represented by counsel. The magistrate received testimony from the petitioners, Doe, and a former employer of Doe. Following the hearing, the magistrate issued a memorandum decision terminating parental rights of both Doe and mother. Doe appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that wherever possible family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*.

Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982). *See also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v.*

2

*Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

The magistrate found statutory grounds for termination of Doe's parental rights based on the inability to discharge parental responsibilities for a prolonged period that would be injurious to the health, morals, or well-being of the child, I.C. § 16-2005(1)(d), and neglect, I.C. § 16-2005(1)(b). The magistrate also determined that it was in the best interest of the child that Doe's parental rights be terminated. *See* I.C. § 16-2005(1). Doe challenges each of these determinations on appeal.[2]

### A.      Inability to Discharge Parental Responsibilities

Doe argues there was not substantial and competent evidence for the magistrate to determine Doe is unable to discharge his parental responsibilities and that this will continue for a prolonged indeterminate period. However, the testimony adduced at the adjudicatory hearing disproves Doe's assertion.

---

[2]      Doe also asserts the district court erred by refusing to allow Doe to represent himself. However, Doe does not support this assertion with argument or authority. Therefore, this issue is waived. *See Powell v. Sellers,* 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997) (stating a party waives an issue on appeal if either argument or authority is lacking).

A review of the record reveals the following. Doe is twenty-six years of age. Doe is homeless and receives social security disability benefits based on a mental health diagnosis of schizoaffective disorder. He receives $639 per month. Doe also works part-time detailing automobiles. Doe's total monthly income is $900. Doe is medicated for his mental disorders. While Doe owns a cell phone, he does not have a vehicle or driver's license (nor has Doe ever held a driver's license).

Doe has a criminal history which includes drug use, misdemeanor battery charges against mother, and multiple violations of no-contact orders issued protecting mother. Doe also has a history of medical-marijuana use. Doe admits his intent not to honor any no-contact order prohibiting contact with mother and admits to persistently violating them in the past. Doe admits he has not been able to care for the child and acknowledges he cannot currently have the child in his custody. Doe claims to have sent two money orders to support the child--one for $20 and another for $25. Doe further alleges he stopped sending money because the petitioners asked him to stop. The petitioners testified they never received any money order or checks from Doe.

Based on the totality of the evidence, the magistrate determined Doe is unable to discharge his parental obligations and this inability will continue indefinitely. We agree. Doe's mental health issues, combined with his criminal behavior and lack of stable job or residence, demonstrate that Doe is unable to discharge his parental responsibilities. Furthermore, the behaviors exhibited by Doe are not recent, isolated occurrences, but rather, are a continued and persistent pattern over a number of years. Thus, we hold the magistrate did not err in concluding Doe is unable to discharge his parental responsibilities and that such inability will continue for a prolonged indeterminate period, and will be injurious to the health, morals, and well-being of the child.

## B.    Neglect

As pertinent in this case, I.C. § 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(25).[3] As relevant here, I.C. § 16-1602(25) provides "neglected" means a child whose "parents, guardian or other custodian are unable to discharge their responsibilities to and

---

[3]     The statutory scheme defining neglect was subsequently modified in July 2013. *See* 2013 Idaho Sess. Laws, ch. 287, p. 744, 756. The modifications do not affect the substantive issues presented in this case. When discussing the statute, we will refer to it as it was in effect at the time the petition for termination was filed.

4

for the child and, as a result of such inability, the child lacks the parental care necessary for his health, safety, or well-being." Doe argues that there was not substantial and competent evidence to support the conclusion that the child was neglected on the basis of Doe being unable to discharge his responsibilities for his child.

The circumstances set forth in the analysis above have equal application here and demonstrate that Doe neglected his child. Doe lacks the basic essentials to care for a child in any capacity. Doe does not have a residence, lives at a homeless shelter, and lacks stable employment. Further, Doe's criminal behavior and mental disorder appear to be ongoing, persistent issues. Doe is unable to discharge responsibilities for his child and, as a result of that inability, the child lacks the parental care necessary for his health, safety, and well-being.

Doe also argues that the magistrate erred by ignoring relevant evidence of Doe's conduct regarding neglect of his child and evidence Doe made efforts to have visitation with his child, but was deterred from doing so by the petitioners.[4]

Despite Doe's assertion, the magistrate found:

> [Doe] blames the Petitioners and wants to believe they have prevented him from establishing any relationship with the child. [Doe] takes no responsibility for his criminal behaviors. He does not have the ability to objectively understand why he is a safety risk to the child. [Doe's] inability to have any contact with the child is the direct result of [Doe's] inappropriate and criminal behavior.

This finding acknowledges that the petitioners, to an extent, prevented Doe from establishing a relationship with his child. However, the magistrate then explained why the petitioners were justified in taking this action. This finding also elucidates why the magistrate concluded this was not a factor to weigh in Doe's favor in the termination proceeding. Doe's argument that the magistrate erred by failing to consider efforts by Doe to have visitation with his child is without

---

[4] Doe argues that this Court should apply a "just cause" analysis as applied in *In re Doe*, 143 Idaho 188, 141 P.3d 1057 (2006). However, the analysis to which Doe references pertained to the abandonment statute and the requirements for making a prima facie case of abandonment. The statute defining neglect does not include such a procedure to establish a prima facie case and Doe does not set forth any cogent reason why the statute here should be interpreted to include a just cause analysis. Therefore, we address Doe's challenge as to the sufficiency of the evidence and whether the district court failed to adequately consider evidence in mitigation of Doe's actions in this case.

merit. Thus, the magistrate did not err in concluding Doe has neglected his child as defined in I.C. § 16-1602(25).

**C.      Best Interest of Child**

Doe argues the evidence does not support the magistrate's determination that termination of the parent-child relationship is in the best interest of the child. The petitioners argue that Doe lacks the ability to provide the child with support, consistency, and stability and that Doe lacks the capacity to change.

Courts consider a number of factors in determining whether termination of parental rights is in the best interest of the child, including whether the parent has the ability to change his or her conduct to assume parental responsibilities, the parent's employment status and history, the parent's history of substance abuse, whether the parent has provided financial support, whether there is a good relationship between the child and foster parent, whether the child has improved while in foster care, whether the child's needs are being met, and the child's need for stability and certainty. *See Doe v. Dep't of Health & Welfare, Human Serv. Div.,* 141 Idaho 511, 516-17, 112 P.3d 799, 804-05 (2005); *Doe v. Roe,* 133 Idaho 805, 809-10, 992 P.2d 1205, 1209-10 (1999); *Idaho Dep't of Health & Welfare v. Doe,* 149 Idaho 59, 64-66, 232 P.3d 837, 842-44 (Ct. App. 2010). This Court will also consider a parent's incarceration as a factor which is relevant in determining whether termination is in the child's best interest. *Idaho Dep't of Health & Welfare v. Doe,* 148 Idaho 832, 840, 230 P.3d 442, 450 (Ct. App. 2010). In cases where the parent is incarcerated, we will consider several factors in determining whether termination is in a child's best interest including, among other things, the nature and circumstances of the offense that led to incarceration, prior charged or uncharged criminal behavior while in the home, previous incarcerations and rehabilitations, the impact incarceration has had on the child's well-being, and the quality of contacts or efforts made by the parent to keep a meaningful relationship with the child. *Idaho Dep't of Health & Welfare v. Doe,* 151 Idaho 605, 611, 261 P.3d 882, 888 (Ct. App. 2011).

Doe's inability to discharge his parental responsibilities and neglect of his child demonstrates that termination of parental rights is in the child's best interest. In addition to the aforementioned evidence, the petitioners also testified that they feel threatened by Doe, that Doe has informed the petitioner's neighbors that the child is not biologically the petitioners, and that

Doe has sent harassing mail to the petitioners. The petitioners felt threatened to the point where they eventually informed law enforcement of the situation with Doe. During the adjudicatory hearing, Doe continued to exhibit unstable and inappropriate behavior, laughing at inappropriate moments and staring with hostility at the petitioners. This evidence caused the magistrate to have abiding concerns that Doe could harm the petitioners, the child, or both. Based on the foregoing, the magistrate determined that termination of Doe's parental rights was in the best interest of the child. Taking the entire record into consideration, this Court comes to the same conclusion. At best, Doe has provided minimal support for his child, has created a volatile relationship with the guardians of the child, and lacks a stable residence or job. On the other hand, the petitioners have provided a stable and caring home for the child and attend to all of the child's needs. Therefore, termination of Doe's parental rights is in the best interest of the child.

## IV.
## CONCLUSION

The magistrate did not err in concluding Doe lacks the ability to discharge parental responsibilities and that this inability will continue for a prolonged period of time that would be injurious to the health, morals, or well-being of the child. Also, the magistrate did not err in concluding that Doe has neglected his child. Last, the magistrate correctly determined that termination of Doe's parental rights is in the best interest of the child. Thus, we affirm the magistrate's decree terminating parental rights. Costs, but not attorney fees, are awarded to the respondents on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**