# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46238

| | |
|---|---|
| In the Matter of: JOHN DOE, A Child Under Eighteen (18) Years of Age. | ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) Filed: October 30, 2018 ) ) Karel A. Lehrman, Clerk |
| Petitioner-Respondent, | ) ) |
| v. | ) THIS IS AN UNPUBLISHED ) OPINION AND SHALL NOT ) BE CITED AS AUTHORITY |
| JANE DOE, | ) ) |
| Respondent-Appellant. | ) ) |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne Huang, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Jane Doe appeals from a judgment terminating her parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The minor child of Jane Doe was born in March 2017. In April 2017, law enforcement conducted an investigation after reports that Jane and the child tested positive for methamphetamine at the time of the child's birth. The child was declared in imminent danger

1

and placed in the care of the Idaho Department of Health and Welfare. In May 2017, the magistrate awarded legal custody of the child to the Department and approved a case plan for Jane. The case plan provided that Jane would complete a substance abuse assessment and follow all recommendations, complete a mental health assessment and maintain treatment with her current mental health providers, complete a parenting course, maintain drug-free housing, and attend all visits with the child and all appointments with the child's service providers. Also in May 2017, the magistrate granted a motion allowing Jane to have an extended home visit with the child. In July 2017, law enforcement responded to reports that the child had been crying for hours. The extended home visit was terminated when law enforcement determined it was necessary to remove the child from Jane's care.

While the child was in the custody of the Department, Jane's involvement with the child was minimal and Jane failed to complete the case plan. Although Jane completed substance abuse and mental health assessments, she failed to consistently engage in treatment, tested positive for controlled substances, missed drug tests, and failed to utilize recommended psychotropic medications. Jane failed to complete a parenting course because she felt it interfered with her ability to visit her child and failed to maintain appropriate housing for the child. Jane exercised visitation with the child but missed approximately 15 to 20 percent of the scheduled visits. Of the visits that did occur, Jane spent little time talking to the child and the child did not appear to bond with Jane. In the early stages, Jane spent much of her visits on her cell phone and not interacting with the child. The child showed little interest in Jane and did not engage in age-appropriate displays of affection with Jane.

In March 2018, the Department filed a petition to terminate Jane's parental rights. Jane failed to appear and the trial proceeded in her absence with her counsel representing Jane's interests. Following the trial, the magistrate terminated Jane's parental rights after finding clear and convincing evidence that Jane had neglected her child and termination was in the child's best interests. Jane appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a

reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the substantial evidence test requires the trial court's findings be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

## III.

## ANALYSIS

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period and the inability to do so will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Jane argues that the magistrate erred in concluding that she neglected her child and in concluding that termination is in the child's best interests. We hold that Jane has failed to establish the magistrate erred.

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31). Neglect also includes situations where the parent has failed to comply with the court's orders or the case plan in a child protection case, the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months, and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for the child's well-being because of the conduct or omission of his or her parents, or their neglect or refusal to provide them. Section 16-1602(31)(b) provides that a child is neglected when the parents are unable to discharge their responsibilities to and for the child, and as a result of such inability, the child lacks the parental care necessary for his or her health, safety, or well-being.

The magistrate found that Jane neglected her child because, over the sixteen months the child was in the Department's legal custody (fourteen of which the child spent in foster care), Jane neglected the child. In finding that Jane neglected the child, the magistrate cited Jane's failure to demonstrate the ability to maintain safe and appropriate housing; her inability to provide for the educational, emotional, and other daily needs of the child as evidenced by Jane missing 15 to 20 percent of her scheduled visits with the child; her failure to take advantage of parenting education; and her observable deficits in understanding age-appropriate interactions with the child. The magistrate also found that Jane's ongoing and untreated substance abuse and mental health concerns profoundly impacted Jane's ability to be a stable and consistent parent. Based on the foregoing evidence, the magistrate found, by clear and convincing evidence, that Jane neglected the child.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or

4

her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate found it is in the best interests of the child to terminate the parent-child relationship, citing the same evidence that supported its determination of neglect. In further support of its best interests determination, the magistrate found that Jane has failed to show she has the capacity to afford the child stability and certainty and that the child does not display age-appropriate interaction or affection toward Jane. Based on these findings, the magistrate concluded there was clear and convincing evidence that termination is in the child's best interests.

Jane argues there was insufficient evidence presented at trial to support the magistrate's findings because "little testimony elicited in support of the Department's Petition was actually based on personal knowledge of the witness." According to Jane, because the evidence admitted was "largely based on hearsay and lacked sufficient foundation," it did not qualify as the substantial and competent evidence necessary to terminate her parental rights. Although Jane notes certain evidence that was admitted despite her objections, she fails to provide any cogent argument or authority explaining why the magistrate erred in its evidentiary rulings. Therefore, to the extent Jane is claiming evidentiary error, we decline to address her arguments. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Our review in this case is limited to whether the evidence admitted was sufficient to support the magistrate's determination. We hold that there was clear and convincing evidence, as outlined above, that Jane neglected her child and that termination is in the child's best interests. Jane has failed to show error in the magistrate's decision to terminate Jane's parental rights.

## IV.

## CONCLUSION

There was clear and convincing evidence that Jane neglected the child and that it is in the best interests of the child for Jane's parental rights to be terminated.  Accordingly, the magistrate's judgment terminating Doe's parental rights is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.