## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 46640

| | | |
|---|---|---|
| In the Interest of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: March 13, 2019 |
| | ) | |
| Petitioner-Respondent, | ) | Karel A. Lehrman, Clerk |
| | ) | |
| v. | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| JANE DOE, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondent-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GUARDIAN AD LITEM, | ) | |
| | ) | |
| Guardian Ad Litem-Respondent. | ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James Cawthon, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Ada County Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John R. Shackelford, Deputy Attorney General, Boise, for respondent.

Stoel Rives LLP; Kris J. Ormseth, Boise, for guardian ad litem.

---

HUSKEY, Judge

Jane Doe appeals from the magistrate's judgment terminating her parental rights. Doe argues the magistrate erred when it terminated her parental rights. Because substantial and competent evidence supports the magistrate's findings that Doe abandoned and neglected her child, we affirm the magistrate's judgment terminating Doe's parental rights.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of J.F.,[1] who was born on December 22, 2017. J.F. tested positive for opiates and marijuana on December 23, 2017, and police determined the child was in imminent danger. The Idaho Department of Health and Welfare (Department) filed a petition for hearing under the Child Protective Act on December 27, 2017. The same day, Doe was advised of her rights and she waived her right to a shelter care hearing. The magistrate found there was reasonable cause to believe that J.F. came within the purview of the Child Protective Act due to neglect, and the magistrate ordered J.F. into temporary care and custody of the Department.

Because Doe lived out of state, she filed motions to participate via telephone at the pretrial conference and the adjudicatory hearing, which were both granted. Doe failed to appear at the pretrial conference, which was held on January 22, 2018. Doe also failed to appear at the adjudicatory hearing on January 24, 2018. A case plan hearing was held on February 21, 2018, and Doe failed to appear there as well. On March 22, 2018, the magistrate granted legal custody of J.F. to the Department. Doe failed to appear at a status review hearing on April 20, 2018, and the six-month review hearing held on June 15, 2018.

A petition for termination of the parent/child relationship was filed on August 16, 2018. The petition alleged Doe abandoned and neglected J.F. Doe responded on September 25, 2018, when she filed an answer to the petition for termination of the parent/child relationship. Doe denied the allegations that she abandoned and neglected her child. A trial was held on November 26, 2018, and Doe failed to appear.

The magistrate determined there was clear and convincing evidence for grounds to terminate the parental rights of Doe to her child. The magistrate also concluded it was in the child's best interest to terminate the parental rights of Doe. In its decision, the magistrate concluded that Doe abandoned and neglected J.F. On December 18, 2018, the magistrate entered its final judgment to terminate the parental rights of Doe. Doe timely appeals.

---

[1] J.F. was formerly known as J.L.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent/child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent/child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent/child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent/child relationship when it is in the child's best interest and any one of the following five

3

factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe argues the magistrate's decision to terminate her parental rights should be reversed. Doe claims the magistrate lacked substantial and competent evidence to meet the clear and convincing standard required to find that Doe abandoned and neglected her child. The magistrate found two grounds for termination: (1) Doe abandoned J.F.; and (2) Doe neglected J.F. We will address each ground in turn.

### A. The Magistrate Did Not Err When It Found Doe Abandoned Her Child

In this case, the magistrate terminated Doe's parental rights in part on the ground of abandonment, I.C. § 16-2005(1)(a). Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010).

When a parent fails to maintain a normal parental relationship without just cause for a period of one year, prima facie evidence of abandonment exists. I.C. § 16-2002(5). There is no universal standard for what constitutes a normal parental relationship, and whether such a relationship exists depends on the facts and circumstances of each case. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). The petitioner bears the burden of persuasion to demonstrate that the parent lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Id.* If the petitioner is able to meet this burden, the parent then has the burden of production to present evidence of just cause. *Id.* If the

4

magistrate finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.*

The magistrate did not err when it found Doe abandoned her child. In December 2018, the magistrate found that Doe had not made contact with J.F. since J.F. was one day old and the Child Protective Act case was filed. Although Doe was outside of Idaho, Doe was contacted by the Department and informed of the resources available to facilitate her visits with J.F. The magistrate explained that in the twelve months since J.F.'s birth, Doe never took advantage of the available resources, despite the Department's efforts to extend services that would facilitate visitation. Furthermore, there was no evidence that Doe travelled to Idaho to visit J.F., and the magistrate found Doe never inquired about J.F. to learn of his health or well-being. The magistrate concluded there was no bond between Doe and her child, and thus, the magistrate held there was clear and convincing evidence of abandonment in this case.

Doe argues she did not abandon J.F. Specifically, Doe claims J.F. was involuntarily removed from her care, and as such, it was not a voluntary action for Doe to leave her child in Idaho's foster care system. Furthermore, Doe asserts that abandonment requires that Doe leave a child with no reasonable support, and since J.F. was in the foster system, he was provided with reasonable support. Doe also argues the district court should have considered the fact that Doe does not have ties to Idaho or friends and family in Idaho. We are not persuaded by Doe's arguments on appeal.

First, Doe fails to explain how the involuntary removal of a child negates a finding of abandonment. Voluntariness is not a part of the definition of abandonment and was not part of the magistrate's decision. Doe's position suggests that abandonment requires an explicit and voluntary action, such that a parent could not technically "abandon" a child if the child is removed against the parent's will. Idaho courts have never adopted this interpretation of abandonment. Furthermore, Doe did not address why she failed to contact or visit J.F., which were two critical factors in the magistrate's determination that Doe abandoned J.F.

Second, whether Doe has friends or family in Idaho does not determine whether Doe abandoned J.F. We focus on the relationship between Doe and her child when we consider abandonment, and such a relationship does not depend on whether Doe has ties to the state of Idaho. The magistrate similarly narrowed its findings to the lack of a relationship between Doe and J.F., and Doe fails to explain how the magistrate erred in this regard. While Doe claims the

5

magistrate should not penalize Doe for the lack of ties to Idaho, there is no evidence the magistrate did so. Thus, the magistrate did not err when it found Doe abandoned her child.

**B.      The Magistrate Did Not Err When It Found Doe Neglected Her Child**

The magistrate also terminated Doe's parental rights due to neglect. Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate found Doe neglected J.F. The magistrate found that Doe failed to comply with the terms of the case plan and Doe failed to visit or contact J.F. The magistrate explained Doe had knowledge of the ongoing Child Protective Act case, and yet, made sporadic contact with the Department. Doe did nothing to address her substance abuse issues and failed to establish stable housing or employment so as to care for the needs of her child. For these reasons, the magistrate concluded the State had proven by clear and convincing evidence that Doe neglected J.F.

Regarding the magistrate's finding of neglect, Doe responds with one sentence: "The reality of a parent's absence and lack of ties to Idaho should not be counted against a parent and should be recognized when the court decides the issues of parental abandonment and neglect." Doe's statement fails to analyze the magistrate's finding of neglect. Additionally, as previously stated, there is no evidence the magistrate penalized Doe for the lack of ties to Idaho. Even if Doe's statement had merit, Doe fails to provide legal authority to explain how and to what extent the magistrate erred. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Thus, because Doe's brief lacks legal authority on the issue of neglect, and because the magistrate did not penalize Doe for the lack of ties to Idaho, we find Doe has not persuaded this Court that the magistrate erred when it found Doe neglected J.F.

6

## IV.

## CONCLUSION

Because substantial and competent evidence supports the magistrate's findings that Doe abandoned and neglected her child, we affirm the magistrate's judgment terminating Doe's parental rights.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.