**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46971**

| | | |
|---|---|---|
| In the Interest of: Jane Doe I, A Child Under Eighteen (18) Years of Age. | ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) | Filed: August 6, 2019 |
| | ) | |
| Petitioner-Respondent, | ) | Karel A. Lehrman, Clerk |
| | ) | |
| v. | ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JANE DOE (2019-11), | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondent-Appellant. | ) ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Tyler D. Smith, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Mark Coontz, Gem County Public Defender; Theresa A. Martin, Deputy Gem County Public Defender, Emmett, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri Whilden, Deputy Attorney General, Caldwell, for respondent.

_____

HUSKEY, Judge

Jane Doe appeals from the magistrate's judgment terminating her parental rights. Doe argues the magistrate erred when it terminated her parental rights. Because substantial and competent evidence supports the magistrate's findings, we affirm the magistrate's judgment terminating Doe's parental rights.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Doe is the mother of Z.T. When Z.T. was about eighteen months old, she suffered a broken arm.[1] Doe provided inconsistent stories regarding the injury, and Z.T. was removed from

---
[1] This was the second broken arm that Z.T. sustained.

Doe's care and placed into foster care. The following day, the State filed a petition for a hearing under the Child Protective Act. A shelter care hearing was held and the magistrate ordered it was in the child's best interest to remain in the custody of the Idaho Department of Health and Welfare (Department) pending the conclusion of the adjudicatory hearing. Following the adjudicatory hearing, the magistrate ordered Z.T. to be placed into the protective custody of the Department for an indeterminate period of time. A case plan hearing was held and the magistrate approved a case plan for Doe. Approximately ten months later, a permanency plan hearing was held. After two review hearings, the State filed a petition for termination of Doe's parental rights.

After holding a termination hearing, the magistrate determined there was clear and convincing evidence of grounds to terminate Doe's parental rights to Z.T. and it was in Z.T.'s best interest to do so. Doe timely appeals the district court's judgment terminating her parental rights.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a

reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interest and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

## III.

## ANALYSIS

Doe argues the magistrate's decision to terminate her parental rights should be reversed. Doe claims the magistrate erred when it found that Doe neglected her child. Doe also asserts that the magistrate erred when it found it was in Z.T.'s best interest to terminate Doe's parental rights.

### A. The Magistrate Did Not Err When It Found Doe Neglected Z.T.

In this case, the magistrate terminated Doe's parental rights on the ground of neglect. Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents,

guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a Child Protective Act case and the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate found Doe neglected her child. The magistrate found that Z.T. suffered multiple injuries as a result of Doe's neglect. Z.T.'s arm was broken on two occasions, and Doe admitted that her boyfriend caused the injuries. Regarding Z.T.'s first broken arm, the magistrate found that Doe's boyfriend caused the injury when he picked Z.T. up and threw her. Doe does not challenge this finding on appeal.

The second broken arm, in addition to the inconsistent stories regarding the cause of the injury, prompted the Department to remove Z.T. from Doe's care. The magistrate found Doe lied about the injuries sustained by Z.T. and for support, the magistrate cited testimony from a social worker, a sheriff, a nurse, and a police officer which showed variations in Doe's explanation of the injury. The magistrate concluded that the credible sum and substance of Doe's own testimony confirmed that Doe changed her story multiple times and lied to investigating officers regarding Z.T.'s injuries in order to protect her boyfriend. Substantial and competent evidence supports the magistrate's finding that Doe neglected the needs and interest of Z.T. because Doe was untruthful about how Z.T.'s arm was broken a second time.

The magistrate also found Doe neglected Z.T. during a visit authorized by the Department. According to the magistrate, Z.T. returned from that visit with a "noticeable red hand print caused by someone striking her." This visit occurred nine months after Z.T. was removed from Doe's care, and Doe had completed much of her case plan at that point. Doe was ultimately charged with injury to child to which she pleaded guilty.

On appeal, Doe argues the magistrate erred because it failed to consider Doe's completion of the tasks in her case plan. According to Doe, the goal in any child protection case is to rehabilitate the parent and reunify the family. Doe claims there was sufficient testimony that Doe completed her case plan, and thus, Doe was successful in her rehabilitation.

The magistrate analyzed Doe's case plan in its findings of facts, conclusions of law, and decree terminating Doe's parental rights. The magistrate found "[Doe] substantially finished her

4

case plan. However, the facts as set forth below demonstrate [Doe] failed to implement what she learned and refused to obey the orders of the Court." The magistrate further explained: "The Court acknowledges that [Doe] participated in her case plan and finished her tasks. However, this case was about [Doe] implementing what she learned to protect and care for [Z.T.] and following the orders of the Court." The magistrate considered Doe's substantial completion of the tasks in her case plan, but concluded Doe failed to implement what she learned in those classes. Doe's dishonesty throughout the investigation of the case regarding the source of Z.T.'s injuries, as well as the mark left on Z.T. following a visit, demonstrated that Doe did not implement what she had learned in her classes. Doe fails to account for the magistrate's analysis, and substantial evidence supports the magistrate's findings with regard to the case plan.

Doe also fails to address the magistrate's findings regarding Z.T.'s two broken arms. Of the magistrate's findings, Doe takes issue only with the magistrate's conclusion that Z.T. was "slapped" while on a visit with Doe. According to Doe, there was testimony that the mark on Z.T. was linear and most likely the result of being hit with an object and not a hand. No matter if the mark was the result of a slap from a hand or being struck with an object, Z.T. was injured during a visit with Doe, and evidence in the record supports the fact that the injury occurred. The exact cause of the injury and the shape of the resulting mark are distinctions without a difference, and fail to show error in the magistrate's findings. Because of the testimony and evidence submitted in this case regarding the injuries to Z.T. and Doe's dishonesty in explaining the injuries, there was substantial and competent evidence to support the magistrate's finding of neglect.

**B.      The Magistrate Did Not Err When It Found Termination Was in Z.T.'s Best Interest**

Doe argues the magistrate erred when it found that termination was in the best interest of Z.T. Doe claims that testimony supported evidence of a bond between Doe and Z.T., and Doe had shown increased protective skills throughout her participation in the case plan. Doe also argues there was no evidence to prove that termination was in Z.T.'s best interest, but instead, the magistrate merely assumed this would be the case.

Doe fails to show error in the magistrate's findings. While there may have been testimony of a bond between Doe and Z.T., there is substantial and competent evidence that Z.T. was injured while she was with Doe. Hospital reports and testimony from police officers, social workers, and hospital staff confirmed not only that Z.T. suffered two different breaks of her arm,

but also that Doe was dishonest about what caused the injuries. The magistrate concluded that Doe cannot provide stability, safety, and care to Z.T., and it was in the best interest of Z.T. to terminate Doe's parental rights. Substantial evidence supports the magistrate's findings regarding Z.T.'s best interest, and Doe fails to refute this evidence on appeal. Because the magistrate's findings regarding neglect and Z.T.'s best interest are supported by substantial evidence, the magistrate did not err when it terminated Doe's parental rights.

**C.      Doe Fails to Show Error in the Magistrate's Admission of Evidence**

Doe argues the magistrate erred when it admitted irrelevant evidence and hearsay at trial over Doe's objection. According to Doe, the magistrate allowed hearsay testimony throughout the case and relied on that hearsay for its findings. Doe cites four examples of hearsay testimony, in addition to two exhibits that Doe claims should not have been admitted into evidence. However, Doe does not provide any authority to support her argument that the evidence was hearsay, and thus, erroneously admitted. Doe also does not to explain what, if any, effect this evidence had on the magistrate's findings that Doe neglected Z.T. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). In this case, Doe did not provide any legal authority to support her claims, and thus, Doe waives this issue on appeal.

## IV.

## CONCLUSION

Because substantial and competent evidence supports the magistrate's findings, we affirm the magistrate's judgment terminating Doe's parental rights.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.