**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38389**

| | | |
|---|---|---|
| **RYLAND DOYLE SCHUSTER,** | ) | **2011 Unpublished Opinion No. 705** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 16, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Order denying motion for relief from judgment, <u>affirmed</u>.

Ryland Doyle Schuster, Payette, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Ryland Doyle Schuster appeals from the district court's denial of his I.R.C.P. 60(a) motion for relief from judgment or order. For the reasons set forth below, we affirm.

Schuster plead guilty to one count of rape, I.C. § 18-6101, and two counts of sexual abuse of a child, I.C. § 18-1506. The district court sentenced Schuster to concurrent unified terms of fifteen years, with minimum periods of confinement of nine years. Schuster filed an I.C.R. 35 motion for reduction of his sentences, which was denied by the district court. Schuster then filed a pro se application for post-conviction relief. The district court granted Schuster's application and ordered that Schuster be resentenced. Schuster was resentenced to concurrent unified terms of fifteen years, with minimum periods of confinement of nine years. Schuster then filed a second Rule 35 motion to correct an illegal sentence, which the district court denied. Schuster's judgments of conviction and sentences were affirmed by this Court in an unpublished opinion. *State v. Schuster*, Docket Nos. 30679 and 30996 (Ct. App. Dec. 15, 2005).

1

In 2007, Schuster filed a successive application for post-conviction relief. The state filed an answer to the application and Schuster filed a response to the state's answer, but no further action was taken on the case. In April 2010, the district court issued a notice of proposed dismissal pursuant to I.R.C.P. 40(c), which provided the case would be dismissed in the absence of a showing by written affidavit filed on or before April 30, 2010, setting forth specific facts justifying retention of the case. On April 26, 2010, Schuster filed a motion asking for an extension of time. The record does not contain an order granting Schuster's motion for extension of time or any additional filings by Schuster. On June 1, 2010, the district court issued an order dismissing Schuster's application for post-conviction relief without prejudice. On June 15, 2010, Schuster submitted a proposed order to reopen his application, which the district court denied.

The register of actions (ROA) included in the record on appeal indicates that Schuster filed a motion for relief from judgment pursuant to I.R.C.P. 60(a) and an affidavit in support thereof. The ROA also indicates a hearing was held on Schuster's Rule 60(a) motion on November 5, 2010, but no transcript or minutes from the hearing were included in the record on appeal.

Schuster appeals from the denial of his Rule 60(a) motion for relief from judgment. Schuster has not, however, included any of the documents or transcripts relating to his Rule 60(a) motion. Importantly, neither the motion nor supporting affidavit is in the record and there is there no indication reflecting any reason for the denial of the motion. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Accordingly, the district court's order denying Schuster's Rule 60(a) motion is affirmed. Costs on appeal are awarded to the respondent, State of Idaho.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**

2