# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46234

ALEXANDER DRAEGER,

    Plaintiff-Respondent,

v.

STEVEN EUGENE McMULLEN, dba
HIGHLAND FINANCIAL LLC.,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 11, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment for collection of promissory note, affirmed.

Steven Eugene McMullen, Coeur d'Alene, pro se appellant.

Stephen J. Blaser of Blaser, Oleson & Lloyd, Chtd. Blackfoot, for respondent.

LORELLO, Judge

Steven Eugene McMullen, dba Highland Financial LLC, appeals from a judgment entered for the nonpayment of a promissory note. For the reasons set forth below, we affirm.

McMullen's brief lists the following issues on appeal: (1) "since d/b/a is not a legal entity in Idaho, the lawsuit was not in compliance with Idaho law; (2) the district court erred in "illegally recognizing d/b/a as a legal entity"; (3) the "validity and enforceability" of the entry of default is questionable; (4) McMullen is an "innocent" third party; (5) McMullen should not be a party to the underlying lawsuit; (6) the entry of default was issued in error because McMullen is a third party; (7) the complaint is unsupported by facts or evidence; and (8) the statute of limitations for the promissory note has expired.

There are only three documents included in the record on appeal: (1) the complaint; (2) the judgment; and (3) McMullen's notice of appeal. These documents show that, on

1

January 8, 2018, Alexander Draeger filed a complaint against McMullen and Highland Financial in an effort to collect on a promissory note previously executed by McMullen. On July 9, 2018, a judgment was entered in favor of Draeger. On August 3, 2018, McMullen filed a notice of appeal. Although McMullen attached several documents to his opening brief, including the order for entry of default about which he complains and is the subject of many of his claims, we are bound by the official clerk's record. *See* I.A.R. 28-30. The clerk's record does not include the order for entry of default. It is the responsibility of the appellant to provide a sufficient record to substantiate his claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* Because the record is inadequate to consider any of McMullen's claims on appeal, we decline to do so.

Draeger seeks an award of attorney fees on appeal pursuant to I.A.R. 41 and I.C. §§ 12-120 and 12-123. Draeger argues that attorney fees are proper because McMullen's appeal was brought unreasonably and without foundation due to McMullen's failure to identify any erroneous factual findings or significant or relevant questions of law. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Because McMullen pursued this appeal without providing an adequate record demonstrating that his claims are properly before this Court, we conclude the appeal is without foundation and award attorney fees to Draeger. Draeger is entitled to costs as the prevailing party. *See* I.A.R. 40. The judgment for collection of a promissory note is affirmed. Costs and attorney fees are awarded to Draeger on appeal.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.