# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46837

NATHAN BYERLY,

      Petitioner-Appellant,

v.

STATE OF IDAHO,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

**Filed: April 29, 2020**

**Karel A. Lehrman, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nathan Byerly, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Nathan Byerly appeals from the judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In his underlying criminal case, Byerly was charged with two counts of felony domestic violence and one count of petit theft. Pursuant to a plea agreement, Byerly entered an *Alford*[1] plea to one count of domestic violence. In exchange for Byerly's plea, the State dismissed the other charges. Byerly was sentenced to a unified term of ten years, with a minimum period of confinement of two years.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Subsequently, Byerly filed a pro se petition for post-conviction relief naming as respondents both the State of Idaho and the judge who presided over the underlying criminal case. The petition alleged multiple claims for post-conviction relief[2] and purported to "sue" the district judge who presided over the underlying criminal case for false imprisonment for allegedly awarding too little credit for time served. The State answered and moved for summary dismissal of the petition.

Byerly then began a pattern of filing meritless motions and attempted re-litigation of issues. Byerly made two unsuccessful attempts to stay the case, one based upon an unsubstantiated medical issue and the other based upon a claim that the case was "in default." Byerly twice attempted to amend his petition without first seeking leave of court. When the district court held a hearing to determine whether to permit the amendments, Byerly refused to be transported from the prison to the courthouse. The district court denied Byerly leave to amend his petition. Byerly also twice attempted to appeal from interlocutory orders. When these appeals were dismissed, Byerly moved for the certification of certain interlocutory orders as partial judgments under I.R.C.P. 54(b). These requests were denied. Byerly then filed motions to disqualify the presiding judge, which were also denied.

Byerly engaged in similar behavior in opposing the State's motion for summary dismissal. When the motion was initially set for hearing, Byerly refused to be transported to the courthouse. The State submitted the matter on the briefs, and the district court took the matter under advisement. Before the district court issued a decision, Byerly filed a request for discovery, seeking evidence and information related to his post-conviction claims from certain governmental entities. The district court granted Byerly's discovery request in relation to his claim for additional credit for time served, but denied the request as to any other claim. Then the district court reset the State's motion for summary dismissal for hearing to permit Byerly to present any relevant evidence obtained through discovery.

On the day of the continued hearing on the State's motion for summary dismissal, Byerly again refused to be transported to the courthouse. However, because a response to one of Byerly's

---

[2]     Specifically, Byerly's petition alleged that: (1) he did not receive full credit for time served; (2) the State failed to notify him of mitigating circumstances, evidence, and lesser-included offenses; (3) inadmissible hearsay was used to establish probable cause; (4) his *Alford* plea was not knowing and voluntary; (5) an incorrect alias was included in court pleadings; (6) he was falsely imprisoned; and (7) judges should be subject to public financial statements.

discovery requests had been filed with the district court shortly before the hearing, the district court continued the hearing again to allow Byerly to review the response. Ultimately, Byerly submitted no additional evidence to support his claim for additional credit for time served. The district court granted the State's motion for summary dismissal, concluding that Byerly's claims were not supported by admissible evidence, were disproven by the record, or could have been raised on direct appeal. Byerly appeals.

## II.

## ANALYSIS

The district court summarily dismissed Byerly's post-conviction petition because the claims were not supported by admissible evidence, were disproven by the record, or could have been raised on direct appeal. Much of Byerly's pro se appellate brief is dedicated to reciting the facts of both the underlying criminal case and the post-conviction proceeding. Byerly has not identified why he believes the district court erred in summarily dismissing his petition for post-conviction relief. Although Byerly's brief contains a list of "issues" on appeal, each issue is described only in vague terms and many of the issues are unrelated to Byerly's post-conviction case. For example, Byerly's list of issues contains entries such as "Torts" and "Unreasonable Search and Seizure without Just Compensations." Moreover, Byerly's brief contains no analysis, argument, or discussion related to an alleged error in the district court's decision to summarily dismiss his petition.

Byerly asserts that the deficiencies in his briefing are due to the inadequacy of the record on appeal. According to Byerly, he could not compose a "full appellant's brief" because the record was "butchered" and he had not been served with transcripts.[3] However, Byerly's "informal brief" identifies no specific materials that are absent from the record, nor transcripts that he has not received. Byerly's conclusory assertions regarding the inadequacy of the record are unavailing.[4]

---

[3]    This was not the first time Byerly alleged that the record on appeal was inadequate. Throughout the pendency of this appeal, Byerly made multiple motions to augment the clerk's record and asserted that he had not received copies of certain transcripts. The briefing schedule in this appeal was suspended and reset to resolve Byerly's initial objection to the record. The order resolving Byerly's last objection to the record again extended the deadline for his initial brief.

[4]    Byerly could have sought an extension of time to file his initial brief under I.A.R. 34(e). Byerly did not do so. Even if this Court construed Byerly's "informal brief" as a motion for an extension of time under I.A.R. 34, we would have denied the motion due to the absence of the

3

Pro se litigants, like Byerly, are held to the same standards as those litigants represented by counsel. *See Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Byerly has failed to present a cogent argument that the district court erred in summarily dismissing his petition for post-conviction relief. Although Byerly presented a list of "issues" raised on appeal and a list of general supporting legal authorities,[5] Byerly's brief is bereft of cogent arguments that the district court erred in summarily dismissing his petition. Byerly has therefore waived the issues identified in his brief. *See id.* Consequently, Byerly has failed to show the district court erred in summarily dismissing his petition for post-conviction relief.

## IV.

## CONCLUSION

Byerly failed to present a cogent argument that the district court erred in summarily dismissing his petition for post-conviction relief. Therefore, Byerly has failed to show that the summary dismissal of his petition was error. The judgment summarily dismissing Byerly's petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.

---

required supporting affidavit. *See* I.A.R. 34(e) (requiring motions seeking an extension of time to be supported by an affidavit setting forth, among other things, the reasons or grounds why an extension is necessary).

[5] Rather than citing legal authority in support of a specific legal proposition, Byerly's brief contains only a list of supporting legal authorities. However, these legal authorities are listed only in a general way and without connection to Byerly's list of issues on appeal. For example, the Idaho Code is cited without reference to any specific statute, issue on appeal, or legal argument. Moreover, Byerly lists several authorities that are irrelevant to his post-conviction case, such as "United Nations Universal Declaration of Human Rights" and the Uniform Commercial Code.