# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48216

| | | |
|---|---|---|
| CLARITA JOY LOFTIN, nka<br>CLARITA JOY MITCHELL, | ) | |
| | ) | **Filed: May 25, 2021** |
| Petitioner-Respondent, | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| v. | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| AARON CHRISTOPHER KNAPP, | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge. Hon. Rick L. Bollar, Magistrate.

Order of the district court, dismissing intermediate appeal from the magistrate court, affirmed.

Aaron Christopher Knapp, Lorain, Ohio, pro se appellant.

Brett C. Anthon of Anthon Darrington LLC, Rupert, for respondent.

_____

LORELLO, Judge

Aaron Christopher Knapp appeals from an order of the district court, on intermediate appeal from the magistrate court, dismissing his appeal. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Aaron and Clarita Joy Loftin, nka Clarita Joy Mitchell, are the parents of the minor child in this action, who was born in 2011. Aaron and Clarita separated and, in 2015, the magistrate court entered a judgment governing the child's custody. In 2019, the magistrate court entered a temporary custody modification order. Clarita moved to modify this temporary order and the magistrate court granted her motion. Also in 2019, Aaron filed a motion to transfer jurisdiction to

1

the state in which he resides.[1]  The magistrate court denied his motion, entering an amended order to the same effect after Aaron objected to the outcome.[2]

Aaron appealed to the district court, asserting the magistrate court erred in granting Clarita's motion to modify the temporary custody order and denying Aaron's motion to transfer jurisdiction.  The district court dismissed Aaron's appeal because both of the magistrate court's challenged orders were interlocutory, not final judgments from which an appeal could be brought. Aaron again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings.  *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013).  However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court.  *Id.*  Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Aaron advances various arguments regarding the magistrate court orders but, as Clarita notes, Aaron fails to address the district court's basis for dismissing his intermediate

---

[1]     The district court noted that Aaron filed this motion on October 15, 2019.  However, this motion does not appear in the appellate record.  It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal.  *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997).  In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error.  *Id.*  Thus, we presume the district court's recital of the procedural history is correct.

[2]     Again, the district court noted that Aaron objected on December 3, 2019, but that objection is not in the appellate record.  We presume the district court is correct.

appeal--namely, that both of the magistrate court's orders challenged on appeal are interlocutory.[3] A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). By failing to argue that the district court erred in dismissing the intermediate appeal because the orders were interlocutory, Aaron waived consideration of this issue. In addition, Aaron failed to include this issue in his statement of issues. The failure of an appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of the issue from appeal. *Kugler v. Drown*, 119 Idaho 687, 691, 809 P.2d 1166, 1170 (Ct. App. 1991). This rule may be relaxed, however, where the issue is argued in the briefing and citation to authority is provided. *Everhart v. Wash. Cnty. Rd. & Bridge Dep't*, 130 Idaho 273, 274, 939 P.2d 849, 850 (1997). Again, however, Aaron provided no argument in his opening brief that the district court erred in holding that the magistrate court's orders were interlocutory. Finally, Aaron failed to articulate the standard of review that applies to intermediate appeals. An appellant must identify and apply the correct standard of review. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Failure to identify and apply the correct standard of review may result in the waiver of claims on appeal. *Id*. Consequently, Aaron has failed to show error in the district court's order dismissing his intermediate appeal. Because we affirm the district court for the above reasons, we do not address the parties' other arguments regarding the magistrate court's orders that Aaron challenges on appeal.

Next, we address Clarita's request on appeal for costs under I.A.R. 40 and attorney fees under I.R.F.L.P. 908, I.C. § 12-121, and I.A.R. 41. Clarita is the prevailing party and, as such, is entitled to costs under I.A.R. 40(a). Attorney fees under I.R.F.L.P. 908 are not available on appeal because the Idaho Rules of Family Law Procedure "govern the procedure in the magistrate's division of the district court in the State of Idaho," not appeals. I.R.F.L.P. 101; *see also State, Dep't of Health & Welfare v. Slane*, 155 Idaho 274, 279, 311 P.3d 286, 291 (2013) (holding that I.R.C.P. 54(e)--the rule of civil procedure analogous to I.R.F.L.P. 908--is inapplicable to attorney

---

[3]     In Aaron's reply brief, he contends that the order modifying the temporary custody order is final, not interlocutory, because it included the phrase "judgment is entered as follows." Generally, this Court will not consider arguments raised for the first time in a reply brief. *Suitts v. Nix*, 141 Idaho 706, 708, 117 P.3d 120, 122 (2005). Thus, we do not address the arguments raised for the first time in the reply brief, but we note, as the district court did, that inclusion of the word "judgment" in an order is insufficient to transform the character of the order.

fees incurred on appeal). However, an award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Here, Aaron failed to address (in his opening brief) the district court's basis for dismissing his intermediate appeal. Consequently, his appeal is frivolous and Clarita is entitled to attorney fees on appeal.

## IV.
## CONCLUSION

Aaron has failed to show the district court erred in dismissing his appeal from the magistrate court. Accordingly, the district court's order dismissing Aaron's intermediate appeal is affirmed. Costs and attorney fees are awarded to Clarita on appeal.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.