# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49782

KENNETH LESLIE CALDWELL,    )
   )   **Filed: March 13, 2023**
    **Plaintiff-Appellant,**   )
   )   **Melanie Gagnepain, Clerk**
**v.**   )
   )   **THIS IS AN UNPUBLISHED**
THE JUDICIAL ADMINISTRATION )   **OPINION AND SHALL NOT**
OF IDAHO; EAST IDAHO NEWS; )   **BE CITED AS AUTHORITY**
LOCAL NEWS 8,    )
   )
    **Defendants-Respondents.**   )
   )

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Bruce L. Pickett, District Judge.

Judgment and order of dismissal to The Judicial Administration of Idaho; judgment granting summary judgment and order of dismissal to East Idaho News and Local News 8, <u>affirmed</u>.

Kenneth L. Caldwell, Boise, pro se appellant.

Hon. Rául L. Labrador, Attorney General; Brian V. Church, Deputy Attorney General, Boise, for respondent The Judicial Administration of Idaho.

Steven L. Wright, Wright Law Offices, Idaho Falls, for respondent East Idaho News and Local News 8.

_____

HUSKEY, Judge

Kenneth Leslie Caldwell appeals from the district court's judgment and order dismissing his case against The Judicial Administration of Idaho. Caldwell also appeals from the district court's order granting summary judgment and dismissal of his case against East Idaho News and Local News 8. Caldwell's failure to comply with the appellate rules precludes review of his claims. But even if this Court were to address the merits of Caldwell's claims, because no such entity entitled The Judicial Administration of Idaho exists, the district court did not err in dismissing the claim against a non-entity. Caldwell's claims of libel against East Idaho News and Local News 8

1

were filed outside the two-year statute of limitations for a libel claim. Consequently, the district court did not err in granting summary judgment and dismissal of East Idaho News and Local News 8. The district court's judgments are affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Although not entirely clear, it appears this case stems from what Caldwell believes were libelous news stories published by East Idaho News' website on May 15, 2016, and May 16, 2016, and by stories published by Local News 8 on its website on October 31, 2012, and May 16, 2016, and broadcast on or about October 31, 2012, and May 16, 2016. Caldwell filed a complaint and various motions, listing The Judicial Administration of Idaho (the Administration) and East Idaho News and Local News 8 (collectively, the Media) as defendants. The State made a special appearance only to challenge service and moved to dismiss the case with prejudice, against the Administration pursuant to Idaho Rules of Civil Procedure 8(a) and 12(b)(1), (5), and (6). The State argued that Caldwell's complaint did not comply with I.R.C.P. 8(a) because it did not put the State on notice of what claims he was bringing, how the facts support those claims, or how the facts were tied to the State. The State further argued Caldwell's requests for relief were unintelligible or legally improper. As to I.R.C.P. 12(b)(1), the State argued that Caldwell was asking the district court in Ada County to exercise appellate review over a decision issued by a district court in Bannock County; the Ada County district court (and subsequently, the Bonneville County district court) had no jurisdiction to do so. Additionally, the State argued that to the extent Caldwell was asserting a claim against the State of Idaho, the State could not be sued without its consent. The State also argued the case should be dismissed pursuant to I.R.C.P. 12(b)(6) for two reasons: first, the Administration was not a proper person or entity; and second, Caldwell failed to state a claim for relief. Finally, the State argued Caldwell's complaint should be dismissed pursuant to I.R.C.P. 12(b)(5) because Caldwell served the Office of the Attorney General rather than the Secretary of State and, thus, service was not effectuated.

In the meantime, the Media filed a motion to change venue on the grounds that because the Administration was not a proper party, the only two remaining defendants had their principal place of business in Bonneville County, Idaho, and, thus, pursuant to I.R.C.P. 40.1(a)(2) and Idaho Code § 5-404, venue should be properly transferred to Bonneville County. The district court agreed and, over Caldwell's objection, ordered venue be transferred to Bonneville County. The Media filed a

2

motion for summary judgment pursuant to I.R.C.P. 56, noting that Caldwell filed the action outside the two-year statute of limitations for libel claims, I.C. § 5-219(5); thus, his claims were barred, and his complaint did not allege a cause of action.

The district court granted the State's motion to dismiss Caldwell's case against the Administration on the following grounds: (1) the complaint did not contain a short and plain statement of the claim showing the party is entitled to relief, thus, the complaint did not comply with I.R.C.P. 8(a); (2) the district court did not have appellate jurisdiction over another district court, thus, the complaint was dismissed pursuant to I.R.C.P. 12(b)(1); (3) Caldwell did not properly serve the Secretary of State, thus, service was not completed and the complaint was subject to dismissal pursuant to I.R.C.P. 12(b)(5); and (4) the Administration was not a legally recognized entity, thus, the claim failed to assert a viable claim against that entity rendering the complaint dismissed pursuant to I.R.C.P. 12(b)(6).

The district court entered a judgment and granted the Media's motion for summary judgment on the grounds that because Caldwell filed his claim outside the two-year statute of limitations, his claims were barred and there was no genuine issue of fact to resolve. Caldwell filed a motion for reconsideration; the district court denied the motion. Caldwell appeals.

## II.

## ANALYSIS

First, as to Caldwell's "claims," Caldwell's briefs on appeal contain no clear recitation of the facts or procedural history of the case, statement of cognizable legal issues, or cogent argument and authority supporting his claims. As set out below, these errors prove fatal on appeal.

In relevant part, Idaho Appellate Rule 35(a) requires the appellant's opening brief contain:

> (3) *Statement of the Case.* (i) A statement of the case indicating briefly the nature of the case. (ii) The course of the proceedings in the trial or the hearing below and its disposition. (iii) A concise statement of the facts.
> (4) *Issues Presented on Appeal.* A list of the issues presented on appeal, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of the issues should be short and concise, and should not be repetitious. The issues shall fairly state the issues presented for review. The statement of issues presented will be deemed to include every subsidiary issue fairly comprised therein.
> . . . .
> (6) *Argument.* The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon.

Pro se litigants are held to the same standards as those litigants represented by counsel and are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Additionally, "[t]his Court will not search the record for error. We do not presume error on appeal; the party alleging error has the burden of showing it in the record." *Miller v. Callear*, 140 Idaho 213, 218, 91 P.3d 1117, 1122 (2004) (citations omitted). A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). This Court will not consider an issue unsupported by argument and authority in the opening brief. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. *McCandless v. Pease*, 166 Idaho 865, 872, 465 P.3d 1104, 1111 (2020). Consequently, if a claim of error is not argued and supported in compliance I.A.R. 35, it is waived. *Id*.

Caldwell's failure to comply with the requirements of I.A.R. 35 precludes review of his claims. First, while it is true that the appellant's brief contains each of the headings required by I.A.R. 35, the content within those headings is largely unintelligible. For example, Caldwell's issues presented section lists the following issues:

(1) Defendants should be required to pay
(2) Any law or rule granting clemency to bad guys needs revision
(3) An important relevant booklet to help societies in times of chaos
(4) More lawlessness is pointed out; recruiting children
(5) I want credit, compensation, and protection
(6) My booklet has Solutions with legislative topic
(7) Asking why, under what authority offenders are Scot-free

Most of these issues are not legally cognizable claims and do not identify any legal or factual errors made by the district court. Even ignoring the list of issues and reviewing the argument section does not resolve the problem. The content of the argument section contains unintelligible and, thus, unconvincing ideas that are not supported by citation to the record, do not constitute cogent arguments, and are not supported by legal authority. Moreover, Caldwell fails to address, with argument and authority, how the district court erred in dismissing the Administration as a party and granting the Administration's motion to dismiss Caldwell's case; how or why the district court erred in granting the Media's motion for a change of venue; and how or why the district court erred in granting the Media's motion for summary judgment. Because

4

Caldwell failed to comply with I.A.R. 35(a) and failed to adequately support any challenges to the district court's rulings, he has waived consideration of the issues on appeal.

The Media requests attorney fees under I.C. § 12-121 and I.A.R 41. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. This Court concludes this appeal was brought and pursued frivolously, particularly in light of the content of the complaint and the nature and content of Caldwell's briefs on appeal. As the prevailing party, the Media is entitled to an award of costs pursuant to I.A.R. 40.

Second, even if the claims were properly before this Court, the district court did not err by dismissing Caldwell's complaint. Respondents, correctly point out that no such entity entitled The Judicial Administration of Idaho exists, therefore, the district court did not err in dismissing the claim against a non-entity. Caldwell's claims of libel against East Idaho News and Local News 8 were filed outside the two-year statute of limitations for a libel claim. Consequently, the district court did not err in granting summary judgment and dismissal of East Idaho News and Local News 8.

## IV.

## CONCLUSION

The district court's judgment dismissing the Administration as a party and dismissing the case against the Administration is affirmed. The district court's granting of summary judgment and order dismissing the case in favor of East Idaho News and Local News 8 is affirmed. Attorney fees and costs awarded to the Media.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

5