**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50712**

| | |
|---|---|
| In the Interest of: John Doe I, a Child Under Eighteen (18) Years of Age. | ) ) |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) |
| JANE DOE (2023-16), | ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: August 21, 2023

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating Doe's parental rights, <u>affirmed</u>.

Jane Doe, Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Jessica L. Partridge, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jane Doe appeals from the magistrate court's judgment terminating her parental rights. Doe does not specifically allege any error by the magistrate court; rather, Doe generally claims that the magistrate court erred by terminating her parental rights. Because Doe fails to identify any specific error by the magistrate court, support her claim with citation to the record, or provide citation to authority and cogent argument, we decline to address her claim. The judgment terminating Doe's parental rights is affirmed.

1

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe is the biological mother of John Doe,[1] the minor child in this case. Two days after the child's birth, the Department of Health and Welfare (Department) petitioned the magistrate court to remove the child from Doe's custody; the motion was granted, and the child was placed in foster care. Counsel was appointed for Doe. Later, a shelter care hearing was held, and the Department was granted temporary legal custody of the child. At the adjudicatory hearing, Doe indicated she no longer wanted counsel and that she intended to represent herself. The magistrate court ultimately granted the motion.

A case plan was approved for Doe.[2] Approximately four months later, the Department petitioned to terminate Doe's parental rights. Following a hearing, the magistrate court concluded that Doe neglected her child on two different grounds: (1) pursuant to Idaho Code § 16-2005(1)(b), Doe neglected the child by failing to provide proper parental care and control necessary for the child's well-being; and (2) pursuant to I.C. § 16-2005(1)(d), Doe is unable to discharge her parental responsibilities due to her developmental disabilities, mental health concerns, and lack of protective capacity. The magistrate court then concluded that terminating Doe's parental rights is in the best interests of the child. The magistrate court entered a judgment terminating Doe's parental rights to her child. Doe appeals.

## II.

## ANALYSIS

Doe generally alleges the magistrate court erred in terminating her parental rights to the child. Doe was represented by counsel during some of the underlying proceedings but at an

---

[1]     The magistrate court also terminated the parental rights of the biological father. That termination is not at issue in this appeal.

[2]     Doe's parental rights to an older child have also been terminated. The concerns in the older child's case were based on Doe's inability to provide basic childcare to an infant, chronic homelessness, and untreated mental health concerns. In that case, Doe was diagnosed with "severe and persistent mental illness in the schizophrenia continuum and developmental disability." Doe underwent a full-scale psychological evaluation which concluded "Doe's full-scale IQ of 65 puts her in the 'extremely low' range of cognitive ability making it difficult for her to perform in a 'wide variety of situations that require thinking and reasoning abilities.'" None of those concerns that resulted in the termination of Doe's parental rights to the older child were adequately addressed before the birth of the minor child in this case. In this case, Doe did not comply with the recommendation to apply for Adult Developmental Disability services.

adjudicatory hearing, Doe moved to represent herself. The magistrate court warned Doe about the dangers of self-representation but ultimately granted the motion. Thereafter, Doe represented herself through the remainder of the trial court proceedings. Doe continues to represent herself on appeal. As a result of the self-representation, this case suffers from multiple procedural problems. First, Doe failed to include any transcripts in the appellate record. It is the responsibility of the appellant to provide a sufficient record to substantiate her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.*

Second, Doe's appellate briefs, although accepted for filing, do not comply with the Idaho Appellate Rules. Idaho Appellate Rule 35 sets out the required contents of an appellant's brief and provides that an appellant's brief "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). Doe's appellate briefing fails to comply with this rule. Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* Doe fails to cite to the record in any portion of her brief. This does not comply with I.A.R. 35(a)(6). Citations to the record are not required in the statement of the case, I.A.R. 35(a)(3), but are required in the argument section of the brief. I.A.R. 35(a)(6). This Court will not search the record on appeal for error. *Idaho Dep't of Health & Welfare v. Doe*, 150 Idaho 103, 113, 244 P.3d 247, 257 (Ct. App. 2010).

Third, Doe does not challenge any specific ruling of the magistrate court and provides no legal argument that the magistrate court erred in concluding Doe neglected the child or that the termination of her parental rights is in the best interests of the child or otherwise violated her due process rights. Even in an appeal from the termination of parental rights, "we will not consider an issue which is not supported by cogent argument and authority." *In re Doe (2013-15)*, 156 Idaho 103, 109, 320 P.3d 1262, 1268 (2014). Here, Doe fails to identify any specific error of the magistrate court and support her argument with citation to the record or cogent argument. Accordingly, we will not consider her claim and affirm the magistrate court's judgment terminating Doe's parental rights.

3

## III.

## CONCLUSION

Doe has failed to provide an adequate record for review, has failed to comply with the requirements of I.A.R. 35, and has failed to present any cogent argument, supported by legal authority, explaining how the magistrate court erred in its decision to terminate Doe's parental rights. Accordingly, the magistrate court's judgment terminating Doe's parental rights to the child is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

4