**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52231**

| | | |
|---|---|---|
| MEDICAL RECOVERY SERVICES, LLC, an Idaho limited liability company, | ) ) ) | Filed: July 29, 2025 |
| Plaintiff-Appellant, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| KAREN BRANDT, | ) ) | BE CITED AS AUTHORITY |
| Defendant-Respondent. | ) ) ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier L.Gabiola, District Judge. Hon. Carol Tippi Jarman, Magistrate.

Memorandum decision and order of the district court, on intermediate appeal from the magistrate court, <u>affirmed</u>.

Smith, Driscoll & Associates, PLLC; Bryan N. Zollinger, Idaho Falls, for appellant.

Karen Brandt; Pocatello, did not participate on appeal.

_____

HUSKEY, Judge

Medical Recovery Services, LLC (MRS) appeals from the district court's memorandum decision and order granting in part, and denying in part, MRS's request for costs and attorney fees on intermediate appeal from the magistrate court. MRS argues the district court erred because it was bound by law to find that Brandt's intermediate appeal was brought frivolously, unreasonably, and without foundation. Brandt did not participate in this appeal. Because MRS failed to provide an adequate record on appeal, the district court's memorandum decision and order granting in part, and denying in part, MRS's request for costs and attorney fees on intermediate appeal is affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

MRS filed a complaint alleging that Brandt failed to pay for medical services her grandchild received from a medical provider. Brandt filed an answer, denying all paragraphs listed in the complaint. MRS then filed a motion for summary judgment and brief in support. The magistrate court held a hearing on the motion, at which time the parties advised the magistrate court that the case had been resolved. The magistrate court granted MRS's motion and ordered Brandt to pay $1,788.00 to MRS, as well as interest that accrued at the rate provided by law.

Brandt appealed to the district court. After a hearing, the district court issued its written memorandum decision and order on appeal, affirming the magistrate court. The district court held that because Brandt did not raise her argument that the contract she entered into with MRS was void in the magistrate court, it was not preserved for intermediate appeal. Subsequently, MRS filed its memorandum of attorney's fees and costs. Brandt filed an objection, and the district court held a hearing where both parties presented argument. The district court then issued its written memorandum decision and order granting in part, and denying in part, MRS's request for costs and attorney fees. The district court denied MRS's request for attorney fees, holding that MRS failed to demonstrate Brandt brought her appeal frivolously, unreasonably, or without foundation. The district court granted MRS's request for costs because MRS was the prevailing party. MRS appeals.

# II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.3d 214, 217-18 (2013). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *Id*. Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

MRS argues that the district court abused its discretion by denying its request for attorney fees on intermediate appeal because Brandt only raised issues that were not raised before the magistrate court, and thus, her appeal to the district court was, as a matter of law, unreasonable and frivolous. MRS argues that Idaho appellate courts have held that an appeal is unreasonable when a party simply raises issues that were not presented to the trial court. In the district court, on intermediate appeal, Brandt argued that the contract between herself and MRS was void. The district court held the issue was not raised in the magistrate court, and therefore, not preserved for appeal. After MRS filed its memorandum of attorney's fees and costs, Brandt objected. After hearing argument, the district court issued a written memorandum decision and order denying MRS's request for attorney fees on the basis that although MRS was the prevailing party, it had not shown that Brandt brought her appeal frivolously, unreasonably, or without foundation.

Brandt listed four issues in her notice of appeal[1]; however, in its memorandum decision and order on appeal, the district court did not address any of the issues listed in Brandt's notice of appeal, and instead addressed only whether Brandt's argument regarding the contract between herself and MRS was preserved.

The district court's memorandum decision and order generally set forth the arguments of the parties, cited the relevant law, and concluded that, "Here, while MRS is the prevailing party, it has not shown that Brandt brought her appeal frivolously, unreasonably, or without foundation." Although MRS challenges that finding on appeal, it fails to include the transcript of the hearing on the attorney fees and thus, fails to provide support for its argument that the district court abused its discretion in declining to award attorney fees. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Moreover, that the district court found Brandt's arguments on appeal were not preserved does not necessarily mean the appeal was frivolous, unreasonable, or without foundation. Thus, we affirm the order of the district court denying MRS's attorney fees on intermediate appeal.

---

[1] The district court found that Brandt's notice of appeal contained three issues.

3

Next, MRS argues that it is entitled to an award of attorney fees and costs on appeal. This Court, in any civil action, may award reasonable attorney fees on appeal. I.A.R. 41. However, to be awarded attorney fees and costs, a party must be a prevailing party. I.A.R. 41. Because we reject MRS's claims on appeal, MRS is not entitled to attorney fees or costs on appeal.

## IV.

## CONCLUSION

Because MRS failed to provide an adequate record on appeal, this Court cannot conclude that the district court abused its discretion by declining to award attorney fees to MRS pursuant to Idaho Code § 12-121. The district court properly awarded MRS costs on intermediate appeal pursuant to Idaho Appellate Rule 40. Therefore, the district court's memorandum decision and order granting in part, and denying in part, MRS's request for costs and attorney fees is affirmed. Neither party is entitled to attorney fees or costs on appeal.

Chief Judge GRATTON and Judge Pro Tem MELANSON, **CONCUR**.