**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 53581**

| | |
|---|---|
| In the Matter of: John Doe I, A Child Under Eighteen (18) Years of Age. ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, ) ) ) | Filed: April 15, 2026 |
| Petitioner-Respondent, ) ) ) | Melanie Gagnepain, Clerk |
| v. ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| JOHN DOE (2025-49), ) ) ) | |
| Respondent-Appellant. ) ) ) | |

Appeal from the Magistrate Division of the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Justin W. Julian, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Gregory Dickison, Conflict Public Defender, Moscow, for appellant.

Hon. Raúl R. Labrador, Attorney General; Jennifer Fegert, Deputy Attorney General, Coeur d'Alene, for respondent.

_____

HUSKEY, Judge

John Doe (Doe) appeals from the magistrate court's judgment terminating his parental rights to John Doe I (Child). Doe argues the magistrate court erred in terminating his parental rights because he has maintained a parent-child relationship with Child and denies he will likely be incarcerated for a substantial period of time while Child is a minor. The Idaho Department of Health and Welfare (Department) argues there is substantial and competent evidence supporting the magistrate court's findings that Doe neglected Child and that terminating Doe's parental rights is in the best interests of Child. We affirm the magistrate court's judgment terminating Doe's parental rights.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the biological father of Child.[1]  This case began when a citizen found Child on a county road unattended by an adult, shoeless, and wearing only a diaper on a 90-degree day.  The citizen alerted law enforcement to the abandoned toddler.  When law enforcement arrived, Child indicated the direction he came from by pointing at a nearby residence.  Law enforcement contacted Child's grandmother at the residence.  Child's grandmother stated that a third party, who was also at the residence, was supposed to be supervising Child.  When law enforcement contacted that individual, she confirmed she had watched Child the night before until he fell asleep.  She indicated Doe was supposed to have picked Child up the next morning, but he had not.  At the time, Child's mother was incarcerated, and Doe was working nearly eighty-five miles away.  Law enforcement observed that Child was very dirty, dehydrated, and hungry.  Based upon the statements by Child's grandmother, law enforcement determined Child appeared to have been unsupervised for an extended period of time and Child could be seriously injured if left at the residence.  Law enforcement subsequently sheltered Child based on these observations.

At the adjudicatory hearing, Doe stipulated that Child fell within the purview of the Child Protective Act (CPA) due to an unstable home environment.  A case plan for Doe's reunification with Child was ordered by the magistrate court.  One of the case plan tasks required Doe to comply with the terms of his probation.  During the CPA case, Doe was arrested for violating the terms of his probation and his sentence was imposed; Doe was incarcerated throughout the remainder of the CPA case and termination trial.  Subsequently, the Department moved to terminate Doe's parental rights.  Following a termination trial, the magistrate court found Doe neglected Child and it is in Child's best interests to terminate Doe's parental rights.  Doe appeals.

# II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion.  *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009).  The appellate court will indulge all reasonable inferences

---

[1]     The magistrate court also terminated the parental rights of Child's biological mother.  That termination is not at issue in this appeal.

in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

### III.

### ANALYSIS

Doe raises two issues on appeal. Doe argues the magistrate court erred in finding that Doe neglected Child and that termination of Doe's parental rights is in the best interests of Child. Specifically, Doe argues he has maintained a parent-child relationship with Child and denies he will likely remain incarcerated for a substantial period of time. The Department argues there is substantial and competent evidence to support the magistrate court's findings that Doe neglected Child and it is in the best interests of Child to terminate Doe's parental rights. Doe has failed to address either the magistrate court's findings that Doe neglected Child or that termination of Doe's parental rights is in the best interests of Child. Doe has similarly failed to present argument, with citations to authority or the parts of the transcript and record relied upon, for either of the issues he raises, in contravention of Idaho Appellate Rule 35(a)(6). Therefore, the magistrate court's judgment terminating Doe's parental rights to Child is affirmed. But even if Doe's arguments are reviewed on the merits, they fail.

### A. Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-

3

child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Idaho Code § 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them. Neglect also exists where the parent has failed to comply with the court's orders or the case plan in a CPA case and the Department has had temporary or legal custody of the child for fifteen[2] of the most recent twenty-two months and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. I.C. § 16-2002(3)(b).

The magistrate court found by clear and convincing evidence that Doe neglected Child as defined in I.C. § 16-2002(3) by failing to comply with essential aspects of Doe's court-ordered case plan. Pursuant to the case plan, Doe was required to demonstrate he could provide a safe and stable home with appropriate supervision for Child and to be free of illegal substances. Despite arguing the magistrate court erred in finding Doe neglected Child and termination of Doe's

---

[2]  The statute was amended, effective July 1, 2025, to define neglect occurring when the Department has had temporary or legal custody of the child for twelve (12) of the most recent twenty-two (22) months. The amendment does not affect the analysis or outcome of this case.

4

parental rights is in the best interests of Child, Doe does not address the magistrate court's factual findings or legal conclusions in his opening brief. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d 1243, 1247 (2018). Moreover, I.A.R. 35(a)(6) requires the appellant to provide "citations to the authorities, statutes and parts of the transcript and record relied upon" when arguing their contentions with respect to the issues presented on appeal and reasons therefor. Doe fails to provide argument and authority in support of any alleged error.

Doe instead argues that "the trial record is clear that [he] maintains a parent-child relationship with [Child]," has had "regular video and telephone visits with Child during his incarceration," and "has maintained regular contact with [Child]." Doe also argues that he will be eligible for parole in October 2026 and makes the conclusory statement that he "denies he 'is likely to remain incarcerated for a substantial period of time during [Child]'s minority.'" However, Doe fails to address the factual findings made by the magistrate court and does not cite to any authority or parts of the transcript and record relied upon in support of his statements as required by I.A.R. 35(a)(6).

Even with a generous reading of Doe's argument, at best, Doe alleges there is no clear and convincing evidence supporting a finding that Doe abandoned Child or that Doe will likely be incarcerated for a substantial period of time during Child's minority. However, the magistrate court did not find either of those grounds as the statutory basis to support termination of Doe's parental rights. Instead, the magistrate court found that Doe neglected Child by failing to comply with the case plan and Child had been in the Department's custody for fifteen of the most recent twenty-two months, pursuant to I.C. §§ 16-2005(1)(a)(ii) and -2002(3)(b). Thus, Doe has not addressed the relevant factual and legal findings at issue in this case. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Moreover, the magistrate court's finding that Doe neglected Child is supported by the record. The magistrate court found Doe failed to demonstrate he can maintain sobriety, as shown by his continued drug use. Doe failed to comply with his felony probation requirements, which resulted in him being incarcerated. Doe failed to complete a parenting class and substance abuse counseling, even though they were available to him while incarcerated. Doe failed to demonstrate

5

his ability to provide financially for himself and Child. The magistrate court noted that, aside from providing Child with a Christmas present on one occasion, Doe has provided no regular support for Child. Child knows Doe is his father, but evidence of a strong bond between Doe and Child is lacking in the record. Doe failed to provide a safe and stable home environment for Child. Doe's repeated and escalated criminal conduct makes it highly unlikely he will be able to provide Child with a safe and stable home in the foreseeable future. And, from the time Child was sheltered to the time of the termination trial, Child had been in the Department's custody for approximately twenty-eight months. Thus, the magistrate court found by clear and convincing evidence that Doe neglected Child by failing to comply with essential aspects of his court ordered case plan as defined by I.C. § 16-2002(3)(b).

Therefore, we affirm the magistrate court's finding that Doe neglected Child because Doe has failed to provide argument or authority in support of his assertion that the magistrate court erred in finding neglect as a statutory basis on which Doe's parental rights could be terminated and because the magistrate court's conclusion is supported by substantial evidence.

## B. Best Interests

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

Doe does not challenge any specific ruling of the magistrate court and provides no legal argument and authority that the magistrate court erred in concluding termination of Doe's parental rights is in the best interests of Child. The only comments Doe makes regarding the magistrate court's decision to terminate his parental rights is:

> The foster parents . . . have facilitated contact between [Doe] and [Child], and have expressed their desire to continue to facilitate contact even if [Doe's] parental rights are terminated. It would certainly be a strange situation for [Doe] not to be the legal father of [Child], who has recognized and presumably will continue to recognize [Doe] as his real father.

This statement lacks any reasoned application to Doe's claim that the magistrate court erred in finding termination of Doe's parental rights is in Child's best interests.

Moreover, the magistrate court's finding that terminating Doe's parental rights is in the best interests of Child is supported by the record. The magistrate court found that Child needed a "clean, safe, stable, financially secure, and drug-free home. [Doe's] repeated and escalating criminal conduct makes it highly unlikely that he will be able to provide [Child] with such a home in the foreseeable future." Accordingly, we affirm the magistrate court's judgment terminating Doe's parental rights.

## IV.

## CONCLUSION

Because Doe failed to support his claims with argument, authority, and citations to the record, and because the record supports the magistrate court's findings and conclusions, the magistrate court's judgment terminating Doe's parental rights is affirmed.

Judge LORELLO and Judge Pro Tem MELANSON, **CONCUR**.