IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 53146

| | | |
|---|---|---|
| WALTER BYARD MARTIN, | ) | |
| | ) | **Filed: May 5, 2026** |
| Plaintiff-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| POST FALLS POLICE DEPARTMENT, | ) | **OPINION AND SHALL NOT** |
| KOOTENAI COUNTY, AARON | ) | **BE CITED AS AUTHORITY** |
| MONTHE, JESSICA LAWRANCE, | ) | |
| CHRISTOPHER BONNER, ERIC | ) | |
| MORK, DANIEL MORK, NORMAN | ) | |
| VICTOR ALLIS, MIKE NORMANS, | ) | |
| and KATHY DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John A. Cafferty, District Judge.

Judgment dismissing complaint, affirmed.

Walter Byard Martin, Boise, pro se appellant.

---

HUSKEY, Judge

Walter Byard Martin appeals from the district court's judgment dismissing his complaint. Martin argues that the district court abused its discretion in dismissing his complaint for failure to properly serve the opposing parties. We hold that because Martin fails to provide any cogent argument supported by citation to authority or the record challenging the dismissal of his complaint, he has waived all issues on appeal. The judgment dismissing Martin's complaint is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Martin filed a complaint against the Post Falls Police Department, Kootenai County, and several other named defendants on September 9, 2021. Attached to the complaint was an affidavit.

In the affidavit, Martin asserted the following causes of action: "tort, tort claim's act, torterference, tort toxic, unreasonable search and seizure, white collar crime/willful intentional, willful tort claims against Post Fall's Police Department, in assisting in crimes committed against Walter Byard Martin." (Errors in original.) The affidavit goes on to list several other causes: "theft of property, ID theft, fraud, forgery, burglary, false testimony . . . defamation, obstruction, nuisance, personal injury, breach of warranty, breach of contract, professional malpractice/negligence, media damages, public view. Trade secrets, trade name, trademark search, trademark owner, trademark registration, copyrights, unfair competition." The affidavit contains no facts but instead states, "as facts will prove" and "we have every right to bring suit." On June 10, 2022, the district court entered an order dismissing Martin's complaint for failure to properly serve the summonses in a timely manner. No appeal was taken from this dismissal.

On May 18, 2023, in the same case, Martin filed a petition for post-conviction relief, but the claims were general civil claims rather than claims regarding an underlying criminal case. Martin then filed a variety of documents, including handwritten summonses he mailed to various parties, various affidavits of service he believed he accomplished, and an affidavit of "negligent tort claim." Some of these documents were submitted to replace "lost" documents that apparently related to Martin's previously dismissed complaint. Martin also filed various requests for a default judgment.

On March 13, 2025, Martin filed a prisoner civil rights complaint against the State of Idaho and then-director of the Idaho Department of Correction (IDOC), Josh Tewalt. The complaint alleged that Martin properly served the Kootenai County district attorney's office. Martin claimed his complaint was governed by the Uniform Post-Conviction Procedure Act. Martin alleged several causes of action, including: "Eight Corners Rule;" "Insurance liability;" "Insurers duty to defend its 'insured'"; and "Four Corners of the Policy;" Attached to Martin's complaint were several miscellaneous pleadings, filings, and certified mail receipts from August 2022; Martin's earlier filed petition for post-conviction relief was also attached. The new complaint, for reasons unknown, was assigned the same case number as Martin's previously dismissed complaint.

On July 17, 2025, Martin filed an application for fee waiver. The district court denied the fee waiver and noted, "This case was dismissed on 6/10/22." Martin then filed a motion for findings of fact and conclusions of law on August 1, 2025, that detailed definitions of several legal terms. Martin also filed a notice of appeal and "supporting documents." On August 18, 2025, the Idaho Supreme Court issued an order conditionally dismissing Martin's appeal as there had been

2

no final judgment entered in the case. The district court entered a final judgment dismissing Martin's complaint for failure to properly serve the summonses in a timely manner. The caption of this dismissal included the defendants in Martin's original complaint (Post Falls Police Department, Kootenai County, and several individuals), but did not include the defendants in Martin's prisoner civil rights complaint (the State of Idaho and IDOC director Josh Tewalt).

Martin filed another notice of appeal on September 19, 2025, but the notice lists the respondents as the State of Idaho and the Post Falls Police Department and states, "no service required on party who is in default for failing to appear." While that was pending, Martin continued to file motions in the district court, including a motion for default judgment and a "notice: default judgment and notice of noncompliance" claiming the defendants were in default to Martin for the sum of "$1 Bill, $350 mill." Martin also filed an affidavit for a writ of execution with a proposed writ of execution and an affidavit of interest for the interest on the amount he claimed the defendants owed him.

Martin then filed an amended notice of appeal on October 10, 2025, but it is unclear what order or judgment from which Martin is appealing. Attached to the amended notice of appeal are several previously filed documents including a copy of a summons and what appears to be Martin's original complaint and supporting affidavit.

Also attached to Martin's amended notice of appeal is a copy of an affidavit of service filed on March 30, 2022, by an individual asserting that on September 22, 2021, she personally served copies of the summons, complaint, and notification of demand letter on the named respondents. The second page of the affidavit includes a handwritten note that states, "Clarification: This is not a re-serving of the defendants in default. This is replacing lost documents." There is another affidavit of service attached that indicates Martin personally served copies of the "service of notice" and "service of entered (discharge order) U.P.C.P.A. post-conviction relief signed, sealed, certified" on Josh Tewalt on June 23, 2023. There is yet another affidavit of service attached from another individual that indicates he personally served the Kootenai County Prosecutor's Office copies of the "service of notice" and "claim information." Of the three affidavits of service, only the first contains a filing stamp.

After two additional orders conditionally dismissing appeal, Martin filed several documents in the Supreme Court. On September 22, 2025, the Idaho Supreme Court Clerk returned Martin's filings stating, "It appears these Documents are to be filed with the District Court, or are copies." In the caption of the filings, Martin crossed out "In The Fourth

District Court," replaced it with "In The Supreme Court," and refiled the documents in the Supreme Court.

On October 15, 2025, Martin filed another amended notice of appeal.

## II.

## ANALYSIS

Pro se litigants are held to the same standards and rules as those represented by an attorney. *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005). Idaho Appellate Rule 17(e)(1) requires the appellant to designate in the notice of appeal the final judgment or order that is being appealed. Neither the notice of appeal nor the opening brief in this case make any such designation. Additionally, the numerous, and often unrelated, filings in the record do not provide any clarification. To the extent Martin is appealing from the district court's dismissal of the first complaint on June 10, 2022, the appeal is not properly before this Court because no appeal was timely filed from that decision. Idaho Appellate Rule 14 requires that an appeal "may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court." A timely notice of appeal or cross-appeal is a jurisdictional prerequisite to challenge a determination made by a lower court. *Herndon v. City of Sandpoint*, 172 Idaho 228, 250, 531 P.3d 1125, 1147 (2023). Failure to timely file such a notice shall cause automatic dismissal of the issue on appeal. *Id.* Thus, any challenge to the district court's dismissal dated June 10, 2022, has been waived by Martin and will not be considered by this Court.

To the extent Martin is appealing from the district court's judgment of dismissal dated August 25, 2025, although the notice of appeal was timely, Martin has waived any claim of error because he fails to comply with relevant appellate rules. In Martin's brief, the "Statement of Facts" section, which is eight pages long, describes the definition of factual claims and what citing to the record means instead of explaining the underlying facts of his case. Martin then lists several irrelevant Idaho Rules of Civil Procedure such as I.R.C.P. 55 (default judgment) and I.R.C.P. 38 (right to jury trial). Additionally, Martin's brief does not comply with I.A.R. 35(a)(3), which requires that the appellant's brief contain: "(i) A statement of the case indicating briefly the nature of the case"; "(ii) The course of the proceedings in the trial or the hearing below and its disposition"; and "(iii) A concise statement of the facts."

Martin also fails to comply with I.A.R. 35(a)(6), which requires that the appellant's brief contain an argument section with citations to "the authorities, statutes, and parts of the transcript

and record relied upon." Martin's argument section contains what appears to be his issue on appeal, which is: "Did the district court abuse its discretion by dismissing the case for appellants alleged failure to serve opposing party?" However, the section contains no citations to any relevant caselaw or the record, and instead only states: "This is clearly argued on the record hearin, appellant provided the necessary evidence that he did in fact properly serve the party when appellant introduced a a non-defective affidavit of service, as well as all receipts wherein identified full payment for the service of process." (Errors in original.) A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Moreover, the record does not contain a transcript of the hearing that Martin is referencing, and it is the responsibility of the appellant to provide a sufficient record to substantiate their claims on appeal. *Id*. at 127, 937 P.2d at 439. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

It is also unclear what relief Martin is seeking from this Court. Idaho Appellate Rule 35(a)(7) requires that the appellant's brief contain a short conclusion stating the precise relief sought. Martin's conclusion page is as follows:

> Order, enter orders, judgments, writs of execution(s) that have been lawfully executed, stamped, signed, served, and returned, process executed and filed at clerks office first judicial district Kootenai County as required, pursuant to I-R-C-P Rule 4 summons, claims.
> Petitioner has set fourth specific factual allegations that entitle relief granted findings of facts supported by evidence, exhibits.

(Errors in original.) It is not the role of this Court to search the record on appeal for citation or argument or to discern what issues a party is trying to address. *Dickenson v. Benewah County Sheriff*, 172 Idaho 144, 150, 530 P.3d 691, 697 (2023). Here, Martin has failed to clearly identify how any issues are properly before this Court, how the district court erred in dismissing his complaint, or explain the relevance of the documents to which he refers throughout his brief.

Because of the procedural and substantive deficiencies in the record and in Martin's brief, he has waived any issue on appeal.

## III.
## CONCLUSION

Martin has failed to properly present his issues on appeal and support those issues with cogent argument and citation to authority and the record. Thus, Martin has waived any claim of

error on appeal.  Accordingly, the judgment of the district court dismissing Martin's complaint is affirmed.

Chief Judge TRIBE and Judge LORELLO, **CONCUR**.